MEMORANDUM**
Bethea Parsons appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) *149 judgment dismissing as moot Parsons’s appeal from the bankruptcy court’s order denying her petition to set aside a prior sale of her personal property and to recover that property. We have jurisdiction under 28 U.S.C. § 158. After de novo review, In re Arnold & Baker Farms (Arnold & Baker Farms v. United States), 85 F.3d 1415, 1419 (9th Cir.1996), we affirm.
The BAP properly concluded that Parsons’s appeal was moot because her personal property had already been sold and neither of the exceptions to the mootness doctrine applied. See In re Mann (Mann v. Alexander Dawson Inc.), 907 F.2d 923, 926 (9th Cir.1990).
Parsons’s contention that the bankruptcy judges were biased and relied upon extrajudicial materials is not supported by the record. See 28 U.S.C. § 455; Fed. R.Bankr.P. 5004(a); In re Smith (Smith v. Edwards & Hale, Ltd.), 317 F.3d 918, 932-34 (9th Cir.2002), cert. denied, — U.S. —, 123 S.Ct. 2074, 155 L.Ed.2d 1060 (2003).
We lack jurisdiction to consider the BAP’s orders denying Parsons’s motion for rehearing and subsequent motion for reconsideration because Parsons failed to file an amended notice of appeal as required by Fed. R.App. P. 6(b)(2)(A)(ii).
The Clerk shall file all motions “received” by this court and shall forward Parsons a copy of the Ninth Circuit docket sheet in this matter. All pending motions are deified.
AFFIRMED.

 This disposition is not appropriate for publi *149 cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.